## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

### CAPITAL CASE

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                   **Case No. 4:97-cr-00243-02 KGB**

**DANIEL LEWIS LEE**                                                                  **DEFENDANT**

### OPINION AND ORDER

Before the Court is a motion for relief from judgment or order pursuant to Federal Rule of

Civil Procedure 60(b) (Dkt. No. 1352).  Mr. Lee filed a supplemental motion for relief from

judgment or order pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 1377).  The

government responded in opposition to Mr. Lee's motion and supplemented motion (Dkt. No.

1386).  Mr. Lee replied (Dkt. No. 1393).  For the following reasons, the Court denies the motion

and supplemental motion (Dkt. Nos. 1352; 1377).

### I.      Overview

Mr. Lee is a federal death row inmate.  In a 1999 trial over which the Honorable G. Thomas

Eisele presided, Mr. Lee and co-defendant, Chevie Kehoe, were convicted of conspiring to violate

and violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d),

and of three murders in aid of racketeering in violation of 18 U.S.C. § 1959(a)(2) (Dkt. No. 810).[1]

The victims were William Mueller, Nancy Mueller, and Nancy Mueller's minor daughter Sarah

Powell.  During the penalty phase, the jury first decided that Mr. Chevie Kehoe should be

sentenced to life imprisonment and then, separately, that Mr. Lee should be sentenced to death

(Minutes:  Jury Trial May 10, 1999 (Chevie Kehoe); Dkt. Nos. 807, 816 (Danny Lee)).  The Eighth

---

[1]  Judge G. Thomas Eisele presided over this case when the indictment was handed down
in 1997 (Dkt. No. 1).  In 2012, the case was reassigned to Judge J. Leon Holmes (Dkt. No. 1212).
In 2019, the case was reassigned to the undersigned (Dkt. Nos. 1325; 1326).

Circuit affirmed Mr. Lee's conviction and death sentence.  *United States v. Lee*, 374 F.3d 637 (8th

Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005).  Mr. Lee has raised, and courts including this Court

have examined, several challenges to his conviction and sentence.

Pending now before the Court is Mr. Lee's motion pursuant to Federal Rule of Civil

Procedure 60(b) seeking relief from this Court's denial of his Federal Rule of Civil Procedure

59(e) motion (Dkt. No. 1352).  The Court held Mr. Lee's current Rule 60(b) motion in abeyance

pending the Supreme Court's decision in *Banister v. Davis*, No. 18-6493, which issued June 1,

2020.  *See Banister v. Davis*, 140 S. Ct. 1698 (2020).  Mr. Lee filed a Rule 59(e) motion seeking

reconsideration of his previously presented claims contending that the denial of his 28 U.S.C. §

2255 motion and request for an evidentiary hearing was based on significant errors of fact and law.

Judge Eisele held under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and governing precedent that

Mr. Lee's Rule 59(e) motion was an improper successive § 2255 motion and that, therefore, the

Court lacked jurisdiction to consider it.  On appeal, the Eighth Circuit Court of Appeals affirmed.

In *Banister*, the United States Supreme Court held that a Rule 59(e) motion is a "limited

continuation of the original proceeding" and "does not count as a second or successive habeas

application."  140 S. Ct. at 1710-11.  The parties agree that *Banister* overturns Eighth Circuit

precedent and that Mr. Lee's previously filed Rule 59(e) motion should not have been considered

a successive § 2255 motion.  Further, the parties acknowledge that, after determining that Mr.

Lee's previously filed Rule 59(e) motion was a successive § 2255 motion, Judge Eisele nonetheless

addressed Mr. Lee's ineffective assistance of counsel claim raised in the Rule 59(e) motion.  The

parties disagree on the current impact and effect of Judge Eisele's analysis of Mr. Lee's ineffective

assistance of counsel claim.

Mr. Lee argues that, because Judge Eisele found the Rule 59(e) motion was a second or successive habeas petition, the Court did not have subject-matter jurisdiction and could not exercise "hypothetical jurisdiction" to make alternative merits findings. Mr. Lee contends that the merits findings in Judge Eisele's analysis are a "legal nullity" and that the only surviving finding is the now erroneous determination based on *Banister* that Mr. Lee's Rule 59(e) motion was a second or successive habeas petition. As a result, Mr. Lee seeks to reopen his § 2255 proceedings. The government disagrees, arguing that Judge Eisele made merits findings which Mr. Lee now attacks, making his current motion an unauthorized successive § 2255 motion over which this Court lacks jurisdiction and, in the alternative, that Mr. Lee fails to establish extraordinary circumstances that justify relief from judgment under Rule 60(b).

## II.     Analysis

In his current Rule 60(b) motion, Mr. Lee contends that he raised three relevant errors in his Rule 59(e) motion: (1) Judge Eisele incorrectly found relief on the ineffectiveness claim was foreclosed by the Eighth Circuit direct-appeal opinion about the proper scope of cross-examination and related prejudice; (2) Judge Eisele misunderstood his § 2255 argument that, if his lawyers had objected to the evidence of the Hare Psychopathy Checklist-Revised (PCL-R) test results as a basis for determining future dangerousness in prison, the government's expert witness Dr. Thomas Ryan would have withdrawn his opinion and report; and (3) Judge Eisele improperly held affidavits were a prerequisite for a hearing and made determinations based on untested affidavits and assertions in the pleadings instead of based on a hearing (Dkt. No. 1377, at 5-6). To understand Mr. Lee's current claims, the Court examines the relevant procedural history.

A.      **Relevant Procedural History**

Post-trial, Judge Eisele first examined relevant evidence in granting Mr. Lee's motion for a new sentencing phase trial.  Judge Eisele reached the conclusion that the government exceeded the scope of permissible cross-examination in its questioning of Mr. Lee's mental health expert and examination of the government's rebuttal expert witness and that, as a result, this irreversibly compromised Mr. Lee's rights; the Eighth Circuit reversed Judge Eisele's grant of a new sentencing phase trial.  *United States v. Lee*, 89 F.Supp. 2d 1017 (E.D. Ark. 2000), *rev'd*, 274 F.3d 485 (8th Cir. 2001).

As Judge Eisele explained:

> In its notice of intent to seek the death penalty against Defendant Lee, the Government, as required by statute, identified several aggravating factors that it anticipated using at sentencing.  For each of the murders, the Government offered the following statutory aggravating factors:  (1) that Defendant Lee murdered each victim in expectation of the receipt of anything of pecuniary value; (2) that Defendant Lee murdered each victim after substantial planning and premeditation; and (3) that Defendant Lee intentionally killed or attempted to kill more than one person during a single criminal episode.  For the Sarah Powell murder, the Government offered the additional statutory aggravating factor that the victim was particularly vulnerable due to her youth, that being eight years of age.  For each of the murders, the Government offered the non-statutory aggravating factor of future dangerousness.  It is the last of said factors, future dangerousness, that is the subject of Defendant Lee's motion.

*Lee*, 89 F.Supp. 2d at 1018.

At Mr. Lee's sentencing, the government presented fact evidence about Mr. Lee's prior actions to support the government's argument that Mr. Lee would be a danger in prison.  Mr. Lee then called his mental-health expert Dr. Mark Cunningham to testify primarily about his traumatic life experiences.  On cross-examination of Dr. Cunningham, the government elicited testimony from Dr. Cunningham defining psychopathy and its characteristics, including a lack of remorse, increased incident of predatory violence, and increased risk of violent recidivism (Trial Tr. at 7805-

09).  Dr. Cunningham testified that he had reviewed the risk-assessment report prepared by Dr. Ryan and was aware that Dr. Ryan identified Mr. Lee as falling in the "psychopathy range" based on his scoring on the PCL-R (Trial Tr. at 7825-28).  Dr. Cunningham testified that a high score on the PCL-R and resulting psychopath diagnosis are indicative of "greater violence in the community" but that Dr. Cunningham did not believe research supported Dr. Ryan's conclusion that PCL-R scores were predictive of behavior in prison (Trial Tr. at 7806-19, 7828-29).  During this testimony, Mr. Lee's lawyer, orally and in a written motion, moved to exclude testimony from Dr. Cunningham and Dr. Ryan about psychopathy and future dangerousness on the basis that it exceeded the scope of proper cross-examination.  Judge Eisele permitted Dr. Cunningham to continue his testimony, and Mr. Lee's lawyer raised a continuing objection.

At the close of Dr. Cunningham's testimony, Judge Eisele granted the "motion in limine with respect to the issue of psychopathy, the Hare psychopathy test, and any reference to the defendant being a quote, psychopath, unquote, on the basis that such would not be proper rebuttal." (Trial Tr. at 7836).  Dr. Ryan therefore did not testify about Mr. Lee's PCL-R results or psychopathy diagnosis.  He did testify, however, about Mr. Lee's history of violence and that Mr. Lee made statements demonstrating a lack of remorse.  The jury unanimously found the existence of the future-dangerousness aggravator and sentenced Mr. Lee to death.

Judge Eisele granted a new sentencing hearing on the ground that Dr. Cunningham's testimony on risk assessment and future dangerousness exceeded the scope of proper cross-examination.  Judge Eisele also found that the government improperly elicited testimony from Dr. Ryan about past bad acts and violent character traits that supported the finding of future dangerousness.  Judge Eisele found that "it is very questionable whether the jury would have given Defendant Lee the death penalty based upon the Government's direct case, a properly confined

cross-examination of Dr. Cunningham and its 'rebuttal' testimony of Dr. Ryan." (Dkt. No. 941).
*Lee*, 89 F. Supp. 2d at 1031.

The Eighth Circuit reversed, concluding that, "[e]ven if the government's examination of
Dr. Cunningham about psychopathy exceeded the scope of his direct, we fail to find a threat of
unfair prejudice." *United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001).  The Eighth Circuit
further found that "[t]he government's brief examination of Dr. Ryan concerning Lee's lack of
remorse exceeded the scope of Dr. Cunningham's direct testimony, but Dr. Ryan's statement fell
within the wide boundaries set for the admission of evidence at capital sentencing hearings and we
cannot conclude that this single comment unfairly prejudiced Lee." *Id.* at 495.  The Eighth Circuit
subsequently affirmed Mr. Lee's conviction and death sentence.  *Lee,* 374 F.3d at 637.

In his § 2255 petition, Mr. Lee argued the following points, as relevant here:

H.  Trial counsel were ineffective in failing to object during the cross-examination
of Dr. Cunningham when the Government improperly exceeded direct examination
and premised questions of Movant's future dangerousness upon the Hare
Psychopathy Checklist.

I.  Trial counsel were ineffective in utilizing Dr. Cunningham as a family and social
history witness.

J.  Trial counsel were ineffective in failing to object to Dr. Ryan's testimony and
report.

(Dkt. No. 1118, at 33-34).

In support of Point J, Mr. Lee made the following one-paragraph argument:

The government presented the testimony of Dr. Ryan and his report as rebuttal
testimony at Movant's mitigation phase.  Defense counsel failed to object to Dr.
Ryan's testimony as improper rebuttal given that Dr. Cunningham never offered a
diagnosis.  Further, defense counsel failed to object to the submission of Dr. Ryan's
report especially since it included a risk assessment, something that Dr.
Cunningham had not included in his testimony.

(*Id.,* at 34).  At the end of that paragraph, Mr. Lee included the following footnote:

At a hearing, Movant's counsel are prepared to offer evidence that Dr. Ryan, in sworn testimony and affidavits filed after his testimony in this case, has stated that the Hare Psychopathy Checklist is not an appropriate instrument to be utilized in evaluating the future danger of capital defendants and that he no longer stands by such testimony or analysis.

(*Id.*, at 34 n.14).

Judge Eisele denied the § 2255 motion without a hearing, rejecting these three ineffectiveness points raised by Mr. Lee (Dkt. No. 1163). *United States v. Lee*, 2008 WL 4079315 (E.D. Ark. 2008). Judge Eisele determined that Mr. Lee's trial lawyers had properly objected to the cross-examination of Dr. Cunningham and that the merits of that claim had been ruled on by the Eighth Circuit (*Id.*, at 92). Judge Eisele found that Mr. Lee's lawyers' decision to have Dr. Cunningham testify about Mr. Lee's family and social history was a reasonable trial strategy (*Id.*, at 93). Finally, Judge Eisele found that Mr. Lee's lawyers were not ineffective for not objecting to Dr. Ryan's testimony as improper rebuttal. Judge Eisele acknowledged Mr. Lee's footnote about Dr. Ryan's declarations but did not specifically address the footnote. Instead, Judge Eisele ultimately determined that, to the extent Mr. Lee argued that his lawyers should have made "additional objections," Mr. Lee could not demonstrate the required prejudice: "In light of this Court's prior decision to set aside the death penalty verdict and the Eighth Circuit's subsequent holding that the evidence presented through Dr. Cunningham and Dr. Ryan as to Lee's psychopathy and lack of remorse did not unfairly prejudice Lee, it is difficult to see how any additional objection that Petitioner's counsel could have made to Dr. Cunningham's and Dr. Ryan's testimony could have altered the outcome." (*Id.*, at 94-96).

In his Rule 59(e) motion to alter or amend the § 2255 Order, Mr. Lee argued that his trial lawyers should have used available evidence to object to Dr. Cunningham's testimony on the ground that psychopathy evidence is "scientifically invalid and non-probative of future

dangerousness." (Dkt. No. 1165, at 20).  Mr. Lee relied on Dr. Ryan's declaration that, beginning in the Spring of 2000, he no longer believed the PCL-R could be "appropriately relied upon to assess an individual's future dangerousness in federal prison." (Dkt. No. 1165-4).  Mr. Lee also attached affidavits from two psychologists, who each declared their opinion that available research does not support the conclusion that a high PCL-R score indicates a high risk of future violence in federal prison (Dkt. Nos. 1165-6; 1165-7).  One declarant stated that he held that opinion by 1998 (Dkt. No. 1165-6).  Mr. Lee argued that Judge Eisele erred in refusing to grant a hearing where Mr. Lee could have introduced that evidence.  He argued that Judge Eisele also erred in finding a prejudice inquiry was foreclosed by the Eighth Circuit's direct-appeal decision; Mr. Lee contended that his § 2255 ineffectiveness claims were different than the evidentiary issue about the proper scope of cross-examination and lack of resulting prejudice as decided by the Eighth Circuit.

Judge Eisele denied Mr. Lee's Rule 59(e) motion (Dkt. No. 1189).  *United States v. Lee*, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010).  Judge Eisele noted that the purpose of Rule 59(e) motions is to correct errors or present newly discovered evidence, not to introduce new evidence or arguments that could have been offered or raised before entry of judgment.  He also stated that he was required to examine the Rule 59(e) motion to ensure that it was not a successive habeas petition (Dkt. No. 1189, at 3).

In analyzing Mr. Lee's claim, Judge Eisele addressed Mr. Lee's affidavits:

> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for § 2255 relief.  Had they been, the Court might have determined that an evidentiary hearing was required.  However, the Court is foreclosed by existing legal principles from considering the information now, absent permission and direction from the Eighth Circuit to do so.

(*Id.,* at 9-10).  *Lee*, 2010 WL 5347174, at *5.

Specifically, with respect to the arguments related to Dr. Ryan, Judge Eisele stated that, "[a]lthough such contentions should, in the Court's view, be deemed successive, they are also lacking in merit." (*Id.,* at 10). Judge Eisele noted that Mr. Lee's § 2255 petition included a reference to his argument about the validity of the psychopathy evidence only in a footnote and that Mr. Lee developed that argument for the first time in his Rule 59(e) motion. Judge Eisele determined that Mr. Lee's "conclusory statement that Dr. Ryan, subsequent to his testimony in this case, stopped using the PCL-R to evaluate future dangerousness was not sufficient to place the Court on notice of the full argument [Mr. Lee] now presents." (*Id.,* at 11).

Judge Eisele next made an alternative merits analysis:

However, the claim, even if considered on the merits, is problematic. Dr. Ryan's recently submitted declaration describes how, in the Spring of 2000, he concluded that it was inappropriate to rely on the PCL-R to assess the future dangerousness of capital defendants. The jury returned its verdict of death against Petitioner on May 13, 1999. Petitioner has not explained how counsel could have been expected, almost one year before Dr. Ryan himself rejected the PCL-R as an effective predictor of future conduct, to challenge the scientific underpinnings for his testimony.

(*Id.,* at 11-12).

Judge Eisele summarized his findings:

The Court rejects Petitioner's contention that it applied incorrect legal standards or committed error which rises to the level of a defect in the integrity of the federal habeas proceedings. Nor has Petitioner presented anything that would require the Court to revisit a previously asserted claim, such as showing manifest errors of law or fact. The remainder of Petitioner's contentions are successive. They are either reiterations of previous arguments or attempts to introduce new evidence or legal theories which could have been raised prior to the entry of judgment.

(*Id.,* at 12).

The Eighth Circuit declined to grant a certificate of appealability on the issue of whether Mr. Lee's lawyers were ineffective for failing to challenge Dr. Ryan's conclusions on psychopathy and future dangerousness, as presented through Dr. Cunningham's testimony. Mr. Lee nonetheless

argued on appeal that the "government's evidence of future dangerousness was premised on junk science." *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013).  The Eighth Circuit held that that issue was not properly before the court.  The Eighth Circuit further noted that it "previously concluded that there was no 'threat of unfair prejudice' from the elicitation in this case of psychopathy evidence by the government during sentencing." *Id.* (quoting *Lee,* 274 F.3d at 495).

Mr. Lee next filed a Rule 60(b) motion, requesting the Court set aside the § 2255 Order on the basis that Mr. Lee's habeas lawyers were ineffective for failing to present facts supporting his ineffectiveness-of-trial-counsel claim.  Mr. Lee maintained that his trial lawyers should have objected to the psychopathy evidence on the grounds that the PCL-R has no scientific validity in predicting future dangerousness in prison.  Mr. Lee argued that there was no reason for his habeas lawyers to wait until the Rule 59(e) proceedings to proffer relevant declarations and supporting facts (Dkt. No. 1230, at 13-15, 20-22).  Judge J. Leon Holmes denied Mr. Lee's Rule 60(b) motion as a second or successive § 2255 petition (Dkt. No. 1249).  *United States v. Lee*, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014).  The Eighth Circuit affirmed, holding that the Rule 60(b) motion was correctly denied for precertification because it was "seeking to reopen a claim which had been raised in his initial habeas petition and decided by the district court."  *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015).  The Eighth Circuit held that the evidentiary omission by Mr. Lee's  habeas lawyers in his first § 2255 petition was not a procedural defect in the integrity of the habeas proceedings and that Mr. Lee's attempt to relitigate the merits of the denial of that petition was a second or successive § 2255 motion subject to certification requirements. *Id.,* at 1025 (citing *Gonzalez*, 545 U.S. at 524).

In his current Rule 60(b) motion, Mr. Lee challenges Judge Eisele's ruling that Mr. Lee's Rule 59(e) motion was a successive habeas motion requiring Circuit authorization.  Mr. Lee argues

that this ruling prevented a "full merits review" of his ineffectiveness-of-trial-counsel claim related to the psychopathy and PCL-R evidence of future dangerousness presented through Dr. Cunningham.  Mr. Lee moved to stay his execution scheduled for December 2019 and to hold the proceedings in abeyance pending the United States Supreme Court's decision in *Banister*. *Banister* presented the issue of whether a timely Rule 59(e) motion should be subject to the statutory restrictions on second or successive collateral attacks (Dkt. No. 1353).  This Court granted Mr. Lee's motion to stay his December 2019 execution (Dkt. No. 1356).  The Eighth Circuit vacated that Order (Dkt. No. 1376).  *United States v. Lee*, 960 F.3d 1023 (8th Cir. 2020). In its analysis, the Eighth Circuit referred to the substance of the pending Rule 60(b) motion:

> And Lee already received one full round of review on his present claim of ineffective assistance:  the district court ruled that the claim was "lacking in merit." *Lee,* 2010 WL 5347174, at *5–6, and this court denied a certificate of appealability on that issue.  *See* Motion to Expand Certificate of Appealability, at 70–90, *United States v. Lee*, No. 11-1380 (8th Cir. June 20, 2011); Order, No. 11-1380 (Feb. 17, 2012).

*Id.* at 1025.

The Court turns to examine the merits of Mr. Lee's pending Rule 60 motion.

### B.    Successive § 2255 Motion

The Court acknowledges that a preliminary issue is whether Mr. Lee's current Rule 60(b) motion is a second or successive § 2255 petition requiring authorization from the Eighth Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).  Mr. Lee's motion must be treated as a second or successive habeas petition if it advances a claim for relief.  *Gonzales,* 545 U.S. at 530-32.  A motion raises a "claim" when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of the claim *on the merits*."  *Id.* at 532 (emphasis in original).  A motion, however, is properly brought under Rule 60 when it "attacks, not the substance of the federal

court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* (footnote omitted).

As explained, Mr. Lee contends that he raised three relevant errors in his Rule 59(e) motion:  (1) Judge Eisele incorrectly found relief on the ineffectiveness claim was foreclosed by the Eighth Circuit direct-appeal opinion about the proper scope of cross-examination and related prejudice; (2) Judge Eisele misunderstood his § 2255 argument that, if his lawyers had objected to the evidence of PCL-R test results as a basis for determining future dangerousness in prison, Dr. Ryan would have withdrawn his opinion and report; and (3) Judge Eisele improperly held affidavits were a prerequisite for a hearing, and made determinations based on untested affidavits and assertions in the pleadings instead of based on a hearing (Dkt. No. 1377, at 5-6).  Having reviewed Judge Eisele's Rule 59(e) Order, the Court determines that Judge Eisele made alternative merits findings on Mr. Lee's allegations of error.

With respect to Mr. Lee's  ineffectiveness claim related to the PCL-R as a predictor of future dangerousness in prison, Judge Eisele, though finding the Rule 59(e) motion was a successive habeas petition, denied relief on two additional grounds:  (1) Mr. Lee introduced supporting argument and affidavits for the first time in the Rule 59(e) motion, even though the argument and evidence were available at the time of the § 2255 proceeding; and (2) the ineffectiveness claim failed on the merits.  Mr. Lee argues that Judge Eisele refused to consider new evidence supporting relief on the ineffectiveness claim  because Judge Eisele found that the Rule 59(e) motion was a successive habeas petition.  The Court disagrees.  The Court determines that Judge Eisele did not consider the new evidence submitted by Mr. Lee with his Rule 59(e) motion because it was available at the time of the § 2255 judgment, not because Judge Eisele determined the Rule 59(e) motion was a successive habeas petition.

Further, the Eighth Circuit has repeatedly recognized a merits finding.  *See Lee,* 715 F.3d at 224 (§ 2255 opinion) (noting that the Eighth Circuit "previously concluded that there was no 'threat of unfair prejudice' from the elicitation in this case of psychopathy evidence by the government during sentencing"); *Lee*, 792 F.3d at 1023 (holding that Mr. Lee's Rule 60(b) motion was properly denied for lack of precertification because Mr. Lee was "seeking to reopen a claim which had been raised in his initial habeas petition and decided by the district court"); *Lee*, 960 F.3d at 1025 ("And Lee already received one full round of review on his present claim of ineffective assistance:  the district court ruled that the claim was 'lacking in merit,' and this court denied a certificate of appealability on that issue." (internal citation omitted)).

To the extent Mr. Lee now challenges Judge Eisele's merits-findings in the Rule 59(e) Order, the Court determines that his Rule 60(b) motion is a second or successive habeas petition requiring Circuit authorization and that Mr. Lee has not properly obtained authorization from the Eighth Circuit to file a successive § 2255 motion.  The Court recognizes Mr. Lee's argument that Judge Eisele's merits findings are a "legal nullity" based on a lack of jurisdiction.  The Eighth Circuit, however, has consistently recognized the Rule 59(e) Order as including a merits finding throughout these proceedings.  Regardless, even if Mr. Lee's current Rule 60(b) motion is not a second or successive habeas petition, for reasons explained in this Order, Mr. Lee is not entitled to the relief he seeks under Federal Rule of Civil Procedure 60(b).

## C.    Rule 60(b) Motion

To the extent Mr. Lee's current motion alleges a defect in the integrity of the habeas proceedings, not a challenge to prior merits-findings, the Court considers under Rule 60(b)(6) whether to reopen this judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  "Extraordinary circumstances" are required for relief pursuant to this "catchall

category," and "[s]uch circumstances will rarely occur in the habeas context." *Buck v. Davis,* 137 S. Ct. 759, 772 (2017) (quotations and citation omitted). To determine whether the requisite circumstances exist, a court may consider a wide range of factors, including, "in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

Mr. Lee contends that, based on the criteria in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the requisite extraordinary circumstances exist. To the extent Mr. Lee relies upon *Seven Elves*, that case only generally addresses relief pursuant to Rule 60(b). Further, the Fifth Circuit has "declined to answer whether *Seven Elves* sets the standard for a Rule 60(b)(6) motion in habeas proceedings." *Buck v. Stephens,* 623 Fed. Appx. 668, 672 (5th Cir. 2015) (citing *Diaz v. Stephens*, 731 F.3d 370, 376-77 (5th Cir. 2013)), *rev'd and remanded by Buck v. Davis*, 137 S. Ct. at 759. In support of his motion, Mr. Lee also refers to non-binding cases listing factors for consideration in analyzing the existence of extraordinary circumstances. *See Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007); *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1118 (E.D. Mo. 2013). The Court has considered these factors.

Mr. Lee is correct that intervening changes in the law may be a factor to consider in evaluating whether extraordinary circumstances exist. *Buck v. Davis*, 137 S. Ct. at 767. Mr. Lee also argues that the required circumstances exist to grant relief under Rule 60(b)(6) because the ineffectiveness claim at issue directly affected his death sentence. He argues that, if the jury had not heard evidence that his PCL-R test results indicated future dangerousness in prison, there is a question as to whether he would have been sentenced to death. Mr. Lee argues that it would be a manifest injustice for him to be executed based on "unsound" evidence disavowed by the

government's expert; Mr. Lee maintains that he is the only prisoner on federal death row sentenced to death based on psychopathy evidence.

Having reviewed the record before it, the Court determines that Mr. Lee has not demonstrated the extraordinary circumstances required for Rule 60(b)(6) relief.  In reaching this determination, the Court has considered all arguments made by Mr. Lee in support of his motion, all arguments made by the government in opposition, and the record.  Regardless of Mr. Lee's argument that Judge Eisele's merits-findings on Mr. Lee's Rule 59(e) motion were a "legal nullity" at the time, this Court observes that Judge Eisele in a written opinion reviewed Mr. Lee's Rule 59(e) claims on the merits and rejected them.  Mr. Lee therefore has had an opportunity to have his claims reviewed.  Having considered these matters, the Court is not inclined to disturb those findings.  Moreover, Mr. Lee has not demonstrated that circumstances surrounding his Rule 59(e) claims create a sufficient danger of the risk of injustice to the parties or the risk of undermining the public's confidence in the judicial process as to warrant a finding of "extraordinary circumstances" required by Rule 60(b)(6).  For these reasons, this Court determines that Mr. Lee is not entitled to relief under Rule 60(b)(6).

### III.    Conclusion

Mr. Lee's claims in his present motion constitute a successive habeas petition under 28 U.S.C. § 2255 for which Eighth Circuit authorization is required.  Mr. Lee is not entitled to relief under Federal Rule of Civil Procedure 60(b)(6).  Therefore, Mr. Lee's motion and supplemental motion are denied without prejudice (Dkt. Nos. 1352; 1377).  No certificate of appealability will be issued.

It is so ordered this 2nd day of July, 2020.

Kristine G. Baker
United States District Judge