**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CAPITAL CASE**

**UNITED STATES OF AMERICA**                                                                                              **PLAINTIFF**

**v.**                                            **Case No. 4:97-cr-00243-LPR-2**

**DANIEL LEWIS LEE**                                                                                                      **DEFENDANT**

**ORDER**

  A jury found defendant Daniel Lewis Lee guilty of, among other things, three counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and § 2 (Counts 3-5). Pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591-3594, and the verdict of the jury returned on May 14, 1999, recommending Mr. Lee be sentenced to death, this Court entered judgment on May 13, 2002, sentencing Mr. Lee to death on Counts 3, 4, and 5 of the Superseding Indictment and remanding him to the custody of the United States Marshal.

  In accordance with 28 C.F.R. § 26.2, this Court hereby orders:

(1) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

(2) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

(3) The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, namely, July 13, 2020, at the Federal Correctional Complex, Terre Haute, Indiana, or such other time and place as he may later designate; and

(4) The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.

For the reasons briefly set forth in the other Order filed today (Doc. 1425), the Court does not believe this Order is necessary. The Court believes the Department of Justice—including the United States Attorney General and his various designees such as the Director of the Federal Bureau of Prisons and the Director of the U.S. Marshals Service—already has the authority to implement Mr. Lee's death sentence. That authority stems from either the inherent constitutional authority of the President to take care that the laws are faithfully executed or from this Court's May 2002 oral and written imposition of a sentence of death. (Docs. 996, 1003). However, because (1) this a matter of life and death, (2) Mr. Lee has very recently raised a concern that various agencies, entities, or persons of the Department of Justice may not currently have the authority to set an execution date or otherwise implement the death sentence, and (3) there is no harm in being even more explicit about this Court's grant of authorization, power, and responsibility to the various agencies, entities, and persons of the Department of Justice to implement the death sentence, it is appropriate for this Order to issue even if it is only to confirm to Mr. Lee and to the people of the United States that the Department of Justice—including the United States Attorney General and his various designees such as the Director of the Federal Bureau of Prisons and the Director of the U.S. Marshals Service—has the full and complete legal authority to implement Mr. Lee's death sentence on July 13, 2020.

The Court understands that Mr. Lee was given notice of the July 13, 2020 execution date on June 15, 2020. He and his counsel received this information via a letter from the Warden of the Terre Haute Complex. (Doc. 1400-3 at 2). His counsel were also served via CM/ECF with a

Notice filed by the Government containing this information. (Doc. 1379). The Court further understands that Mr. Lee, who had withdrawn his application for clemency in 2019 after stays of his then-scheduled execution were issued, has been afforded an opportunity once again to apply for clemency—although as of July 9, 2020 he had not availed himself of the opportunity. The Court further understands that nothing in this Order prevents a court of competent jurisdiction from issuing a stay of execution if it deems such a stay to be necessary and appropriate. Likewise, nothing in this Order prevents the President of the United States from granting clemency to Mr. Lee.

IT IS SO ORDERED this 10th day of July 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE